UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS — COURT ORDER

Before the Court is a Motion to Dismiss filed by defendant Internet Corporation for Assigned Names and Numbers ("ICANN") (Docket No. 30). ICANN challenges the sufficiency of the First Amended Complaint ("FAC") filed by plaintiff Ruby Glen, LLC ("Plaintiff"). Also before the Court is a Motion to Take Third Party Discovery or, in the Alternative, for the Court to Issue a Scheduling Order ("Motion to Begin Discovery") filed by Plaintiff (Docket No. 32). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that these matters are appropriate for decision without oral argument. The hearing calendared for November 28, 2016, is vacated, and the matters taken off calendar.

I.      **Factual and Procedural Background**

Plaintiff filed its original Complaint on July 22, 2016. In its Complaint, and an accompanying Ex Parte Application for Temporary Restraining Order, Plaintiff sought to temporarily enjoin ICANN from conducting an auction for the rights to operate the registry for the generic top level domain ("gTLD") for .web. According to the original Complaint, Plaintiff applied to ICANN in 2012 to operate the registry for the .web gTLD. Because other entities also applied to operate the .web gTLD, ICANN's procedures required all of the applicants, in what are referred to as "contention sets," to first attempt to resolve their competing claims, but if they could not do so, ICANN would conduct an auction and award the rights to operate the registry to the winning bidder.

According to Plaintiff, one of the competing entities, Nu Dotco, LLC ("NDC") was unwilling to informally resolve the competing claims and instead insisted on proceeding to an auction. Plaintiff alleged in its original Complaint that NDC experienced a change in its management and ownership after it submitted its application to ICANN but that NDC did not provide ICANN with updated information as required by ICANN's application requirements. On June 22, 2016, Plaintiff requested that ICANN conduct an investigation regarding the discrepancies in NDC's application and postpone the auction. At least one other applicant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

seeking to operate the .web registry also requested that ICANN postpone the auction and investigate NDC's current management and ownership structure. ICANN denied the requests on July 13, 2016, and stated that "in regards to potential changes of control of Nu DOT CO LLC, we have investigated the matter and to date we have found no basis to initiate the application change request process or postpone the auction." Plaintiff and another of the applicants then submitted a request for reconsideration to ICANN on July 17, 2016. ICANN denied the request for reconsideration on July 21, 2016.

      Plaintiff's original Complaint asserted claims for: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) negligence; (4) unfair competition pursuant to California Business and Professions Code section 17200; and (5) declaratory relief. The Court denied Plaintiff's Ex Parte Application for Temporary Restraining Order on July 26, 2016, and the auction went forward. Plaintiff filed its FAC on August 8, 2016.

      According to the FAC, NDC submitted the winning bid in the amount of $135 million at the auction. After NDC won the auction, a third-party, VeriSign, Inc. ("VeriSign"), which is the registry operator for the .com and .net gTLDs, announced that it had provided the funds for NDC's bid for the .web gTLD and that it would become the registry operator for the .web gTLD once NDC executes the .web registry agreement with ICANN and, with ICANN's consent, assigns its rights to operate the .web registry to VeriSign.

      The FAC asserts the same five claims contained in the original Complaint. Plaintiff's breach of contract, breach of the implied covenant of good faith and fair dealing, and negligence claims are all based on provisions in ICANN's bylaws, Articles of Incorporation, and the ICANN Applicant Guidebook stating, for instance, that ICANN will make "decisions by applying documented policies neutrally and objectively, with integrity and fairness," that ICANN will remain "accountable to the Internet community through mechanisms that enhance ICANN's effectiveness," and that no contention set will proceed to auction unless there is "no pending ICANN accountability mechanism." Plaintiff's unfair competition and declaratory relief claims allege that a covenant not to sue contained in the ICANN Application Guidebook is invalid and unlawful under California law. That release states:

> Applicant hereby releases ICANN and the ICANN Affiliated Parties from any and all claims by applicant that arise out of, are based upon, or are in any way related to, any action, or failure to act, by ICANN or any ICANN Affiliated Party in connection with ICANN's or an ICANN Affiliated Party's review of this application, investigation or verification, any characterization or description of applicant or the information in this application, any withdrawal of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

> this application or the decision by ICANN to recommend, or not to recommend, the approval of applicant's gTLD application. APPLICANT AGREES NOT TO CHALLENGE, IN COURT OR IN ANY OTHER JUDICIAL FORA, ANY FINAL DECISION MADE BY ICANN WITH RESPECT TO THE APPLICATION, AND IRREVOCABLY WAIVES ANY RIGHT TO SUE OR PROCEED IN COURT OR ANY OTHER JUDICIAL FORA ON THE BASIS OF ANY OTHER LEGAL CLAIM AGAINST ICANN AND ICANN AFFILIATED PARTIES WITH RESPECT TO THE APPLICATION, APPLICANT ACKNOWLEDGES AND ACCEPTS THAT APPLICANT'S NONENTITLEMENT TO PURSUE ANY RIGHTS, REMEDIES, OR LEGAL CLAIMS AGAINST ICANN OR THE ICANN AFFILIATED PARTIES IN COURT OR ANY OTHER JUDICIAL FORA WITH RESPECT TO THE APPLICATION SHALL MEAN THAT APPLICANT WILL FOREGO ANY RECOVERY OF ANY APPLICATION FEES, MONIES INVESTED IN BUSINESS INFRASTRUCTURE OR OTHER STARTUP COSTS AND ANY AND ALL PROFITS THAT APPLICANT MAY EXPECT TO REALIZE FROM THE OPERATION OF A REGISTRY FOR THE TLD; PROVIDED, THAT APPLICANT MAY UTILIZE ANY ACCOUNTABILITY MECHANISM SET FORTH IN ICANN'S BYLAWS FOR PURPOSES OF CHALLENGING ANY FINAL DECISION MADE BY ICANN WITH RESPECT TO THE APPLICATION.

(FAC ¶ 21, Ex. C § 6.6 (capitalization in original).)

In its Motion to Dismiss, ICANN contends that the FAC fails to state any viable claims because Plaintiff has not plausibly alleged any breaches of ICANN's auction rules, Bylaws, and Articles of Incorporation. ICANN additionally asserts that the covenant not to sue bars all of Plaintiff's claims and that the FAC should be dismissed because Plaintiff has failed to join NDC as an indispensable party. Plaintiff's Motion to Begin Discovery seeks permission to propound third-party discovery directed to NDC and VeriSign prior to the parties participating in the Federal Rule of Civil Procedure 26(f) conference.

## II.     Legal Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). While the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), 8(e). The purpose of Rule 8(a)(2) is to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). See, e.g., Gilligan v. Jamco Dev. Corp. , 108 F.3d 246, 248–49 (9th Cir. 1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

However, in Twombly, the Supreme Court rejected the notion that "a wholly conclusory statement of a claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly, 550 U.S. at 561, 127 S. Ct. at 1968 (internal quotation omitted). Instead, the Court adopted a "plausibility standard," in which the complaint must "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." Id. at 556, 127 S. Ct. at 1965. For a complaint to meet this standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555, 127 S. Ct. at 1965 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (alteration in original)); Daniel v. County of Santa Barbara, 288 F.3d 375, 380 (9th Cir. 2002) ("'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.'") (quoting Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1964–65 (internal quotations omitted). In construing the Twombly standard, the Supreme Court has advised that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

### III. Analysis

ICANN seeks dismissal of the FAC based on, among other things, the covenant not to sue contained in the Application Guidebook. Plaintiff, however, claims that the covenant not to sue

Case 2:16-cv-05505-PA-AS Document 48 Filed 11/28/16 Page 5 of 8 Page ID #:2217

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

is unenforceable because it is void under California law and both procedurally and substantively unconscionable. Specifically, according to Plaintiff, the covenant not to sue violates California Civil Code section 1668, which provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." Cal. Civ. Code § 1668. Section 1668 "[o]rdinarily . . . invalidates contracts that purport to exempt an individual or entity from liability for future intentional wrongs and gross negligence. Furthermore, the statute prohibits contractual releases of future liability for ordinary negligence when 'the 'public interest' is involved or . . . a statute expressly forbids it.'" Frittelli, Inc. V. 350 North Canon Drive, LP, 202 Cal. App. 4th 35, 43, 135 Cal. Rptr. 3d 761, 769 (2011) (quoting Farnham v. Superior Court, 60 Cal. App. 4th 69, 74, 70 Cal. Rptr. 2d 85, 88 (1997)). "Whether an exculpatory clause 'covers a given case turns primarily on contractual interpretation, and it is the intent of the parties as expressed in the agreement that should control. When the parties knowingly bargain for the protection at issue, the protection should be afforded. This requires an inquiry into the circumstances of the damage or injury and the language of the contract; of necessity, each case will turn on its own facts.'" Burnett v. Chimney Sweep, 123 Cal. App. 4th 1057, 1066, 20 Cal. Rptr. 3d 562, 570 (2004) (quoting Rossmoor Sanitation, Inc. v. Pylon, Inc., 13 Cal. 3d 622, 633, 119 Cal. Rptr. 449, 456 (1975)).

The FAC does not seek to impose liability on ICANN for fraud, willful injury, or gross negligence. Nor does Plaintiff allege that ICANN has willfully or negligently violated a law or harmed the public interest through its administration of the gTLD auction process for .web. Nor is the covenant not to sue as broad as Plaintiff argues. Instead, the covenant not to sue applies to:

> [A]ll claims by applicant that arise out of, are based upon, or are in any way related to, any action, or failure to act, by ICANN or any ICANN Affiliated Party in connection with ICANN's or an ICANN Affiliated Party's review of this application, investigation or verification, any characterization or description of applicant or the information in this application, any withdrawal of this application or the decision by ICANN to recommend, or not to recommend, the approval of applicant's gTLD application.

(FAC ¶ 21, Ex. C § 6.6.) Because the covenant not to sue only applies to claims related to ICANN's processing and consideration of a gTLD application, it is not at all clear that such a situation would ever create the possibility for ICANN to engage in the type of intentional conduct to which California Civil Code section 1668 applies. See Burnett, 123 Cal. App. 4th at 1066, 20 Cal. Rptr. 3d at 570. Additionally, the covenant not to sue does not leave Plaintiff

Case 2:16-cv-05505-PA-AS   Document 48   Filed 11/28/16   Page 6 of 8   Page ID #:2218

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

without remedies. Plaintiff may still utilize the accountability mechanisms contained in ICANN's Bylaws. (See FAC ¶ 21, Ex. C § 6.6.) According to the FAC, these accountability mechanisms include "an arbitration, operated by the International Centre for Dispute Resolution of the American Arbitration Association, comprised of an independent panel of arbitrators." (FAC ¶ 23.) Therefore, in the circumstances alleged in the FAC, and based on the relationship between ICANN and Plaintiff, section 1668 does not invalidate the covenant not to sue.[1/]

Plaintiff also contends that the covenant not to sue is both procedurally and substantively unconscionable. Under California law, the "party challenging the validity of a contract or a contractual provision bears the burden of proving [both procedural and substantive] unconscionability." Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc., 232 Cal. App. 4th 1332, 1347, 182 Cal. Rptr. 3d 235, 247-48 (2015). "The elements of procedural and substantive unconscionability need not be present to the same degree because they are evaluated on a sliding scale. Consequently, the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to conclude the term is unenforceable, and vice versa." Id., 182 Cal. Rptr. 3d at 248.

"The oppression that creates procedural unconscionability arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." Id. at 1347-48, 182 Cal. Rptr. 3d at 248. For purposes of procedural unconscionability, "California law allows oppression to be established in two ways. First, and most frequently, oppression may be established by showing the contract is one of adhesion. . . . In the absence of an adhesion contract, the oppression aspect of procedural unconscionability can be established by the totality of the circumstances surrounding the negotiation and formation of the contract." Id. at 1348, 182 Cal. Rptr. 3d at 249. Importantly, "showing a contract is one of adhesion does not always establish procedural unconscionability." Id. at n.9. In the absence of an adhesion contract, the "circumstances relevant to establishing oppression include, but are not limited to (1) the amount of time the party is given to consider the proposed contract; (2) the amount and type of pressure exerted on the party to sign the proposed contract; (3) the length of the proposed contract and the length and complexity of the challenged provision; (4) the education and experience of the party; and (5) whether the party's review of the proposed contract was aided by an attorney." Id., 182 Cal. Rptr. 3d at 248-49.

---

[1/]  The Court does not find persuasive the preliminary analysis concerning the enforceability of the covenant not to sue conducted by the court in DotConnectAfrica Trust v. ICANN, Case No. 2:16-cv-862 RGK (JCx) (C.D. Cal. Apr. 12, 2016).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

     Here, even if the covenant not to sue contained in the Application Guidebook is a contract of adhesion, the nature of the relationship between ICANN and Plaintiff, the sophistication of Plaintiff, the stakes involved in the gTLD application process, and the fact that the Application Guidebook "is the implementation of [ICANN] Board-approved consensus policy concerning the introduction of new gTLDs, and has been revised extensively via public comment and consultation over a two-year period," militates against a conclusion that the covenant not to sue is procedurally unconscionable. (FAC ¶ 21, Ex. C, p. 1-2 ("Introduction to the gTLD Application Process").) ICANN is a non-profit entity that, according to the FAC, "is accountable to the Internet community for operating in a manner consistent with its Bylaws and Articles of Incorporation . . . ." (FAC ¶¶ 10 & 13.) Plaintiff, for its part, is a sophisticated entity that paid a $185,000 application fee to participate in the application process for the .web gTLD. (FAC ¶ 1.) Under the totality of these circumstances, the Court concludes that the covenant not to sue is, at most, only minimally procedurally unconscionable.

     "Substantive unconscionability is not susceptible of precise definition. It appears the various descriptions—unduly oppressive, overly harsh, so one-sided as to shock the conscience, and unreasonably favorable to the more powerful party—all reflect the same standard." Grand Prospect Partners, 232 Cal. App. 4th at 1349, 182 Cal. Rptr. 3d at 249 (citations omitted). "'[U]nconscionability turns not only on a 'one sided' result, but also on an absence of 'justification' for it.'" Walnut Producers of Cal. v. Diamond Foods, Inc., 187 Cal. App. 4th 634, 647, 114 Cal. Rptr. 3d 449, 459 (2010) (quoting A & M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473, 487, 186 Cal. Rptr. 114, 122 (1982)).

     Plaintiff contends that the covenant not to sue is substantively unconscionable because of the one-sided limitation on an applicant's ability to sue ICANN without limiting ICANN's ability to sue an applicant. Plaintiff additionally asserts that the issue of the substantive unconscionability of the covenant not to sue is not susceptible to resolution at this stage of the proceedings because the FAC does not allege any facts providing a justification for ICANN's inclusion of the covenant not to sue in the Application Guidebook. The Court disagrees. The nature of the relationship between applicants such as Plaintiff and ICANN, and the justification for the inclusion of the covenant not to sue, is apparent from the facts alleged in the FAC and the FAC's incorporation by reference of the Application Guidebook. Without the covenant not to sue, any frustrated applicant could, through the filing of a lawsuit, derail the entire system developed by ICANN to process applications for gTLDs. ICANN and frustrated applicants do not bear this potential harm equally. This alone establishes the reasonableness of the covenant not to sue. As a result, the Court concludes that the covenant not to sue is not substantively unconscionable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-5505 PA (ASx) | Date | November 28, 2016 |
|---|---|---|---|
| Title | Ruby Glen, LLC v. Internet Corp. for Assigned Names & Numbers | | |

## Conclusion

For all of the foregoing reasons, the Court concludes that the covenant not to sue is, at most, only minimally procedurally unconscionable. The Court also concludes that the covenant not to sue is not substantively unconscionable or void pursuant to California Civil Code section 1668. Because the covenant not to sue bars Plaintiff's entire action, the Court dismisses the FAC with prejudice. The Court declines to address the additional arguments contained in ICANN's Motion to Dismiss. Plaintiff's Motion to Begin Discovery is denied as moot. The Court will issue a Judgment consistent with this Order.

IT IS SO ORDERED.